J-A07015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DINAPOLI | : | |
| | : | |
| Appellant | : | No. 2003 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 9, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003268-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                        **FILED MAY 04, 2023**

Appellant, Anthony Dinapoli, appeals from the Judgment of Sentence of twenty-four months' probation imposed after a jury convicted him of simple assault.  He challenges the discretionary aspect of his sentence.  After careful review, we affirm.

The facts and procedural history underlying this appeal are as follows. In 2020, Appellant lived at the Lincoln Commons Apartments in Nazareth with his service dog, a Labrador named Bo who was born in April 2020.  In the early evening of November 9, 2020, Susan Grube, who was also a tenant in the building, was standing outside the back door of the building talking with a friend on her cell phone when Bo, who was outside off-leash with Appellant at the time, ran to her and jumped on her several times.  She repeatedly asked Appellant to keep the puppy away from her, but Appellant just laughed.  When Bo jumped on her back and scratched it, Ms. Grube became angry.  She ended

her phone call and dialed Aida Cruz, the building's property manager, to ask for her help with Appellant and Bo. When Ms. Grube finished that call and turned around, Appellant hit her in the face. A deep bruise formed around her right-eye socket, and she called the police. The police responded and, *inter alia*, took pictures of her black eye. An ambulance transported her to the hospital where a CT scan of her skull revealed no broken bones. The Commonwealth charged Appellant with simple assault and failure to confine/control a dog.[1]

A jury trial commenced on January 31, 2022, at which Ms. Grube, Ms. Cruz, a Nazareth police officer, and Appellant testified. Ms. Grube testified in conformance with the above facts. The court admitted photographs of Ms. Grube's injuries.

Ms. Cruz testified regarding, *inter alia*, several incidents where Appellant expressed anger and threatened her, which resulted in the Nazareth police department filing criminal complaints against him.[2] She also testified that, although she did not see Appellant hit Ms. Grube, she heard Ms. Grube calling for help and saw her bloody face on the evening of November 9, 2020.

---

[1] 18 Pa.C.S. § 2701(a)(1), 3 P.S. § 459-305(a)(2) (summary offense), respectively.

[2] These other incidents resulted in charges of harassment by communication, disorderly conduct and criminal mischief filed against Appellant under two additional docket numbers. Although the court consolidated these two cases with the instant case for trial, they are not part of this appeal.

Appellant testified that he grew up in Brooklyn, New York, and trained as a golden gloves boxer before working as a currency trader. He stated that he suffers from PTSD and anxiety as a result of working in the World Trade Center in New York City during both the 1993 and September 11, 2001, bombings. Appellant testified that he lived at the Nazareth apartment building from approximately 2019 to early 2021. He acknowledged that he had had several confrontations with Ms. Cruz about both his conduct and his dog's behavior while he lived there. He also acknowledged that a court issued an eviction order against him in August 2020, but that he had received a stay.

With respect to the incident involving Ms. Grube, Appellant testified that he remembered Ms. Grube's interaction with Bo as friendly. He asserted that he never punched Ms. Grube and testified that he believed the entire incident "is some kind of conspiracy." N.T., 1/31/22, at 136.[3] He acknowledged that he has a temper but stated that he would never hit a woman.

The jury found him guilty of simple assault.[4] The court ordered a pre-sentence investigation.

On March 9, 2022, the court sentenced him to twenty-four months' probation, with the first six months to be served with a GPS monitor. The

---

[3] *See also id*., at 140-42, 146-47 (where Appellant testifies that Ms. Grube and Ms. Cruz are friends, Ms. Cruz "had it out for him," the two of them lied in their testimony, and they made the story up because he was still living in the building).

[4] The court found him guilty of the summary offense of failing to confine/control a dog.

court also directed that Appellant pay $470.18 in restitution to the victim and undergo a batterer's assessment and any recommended treatment.

Appellant filed a post-sentence motion challenging certain evidentiary rulings and asserting claims of ineffective assistance of trial counsel. He did not raise any challenges to his sentence. The court denied the motion.

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

> Did the trial court abuse its discretion by (a) imposing a statutory maximum sentence in apparent response to the Appellant's exercise of his trial rights (b) arbitrarily rejecting mitigating factors in the PSI, including but not limited to diagnoses of coronary artery disease and PTSD (c) requiring the Appellant to pay for GPS monitoring despite his indigent status and (d) imposing its sentence out of animus rather than a judicious weighing of the sentencing factors?

Appellant's Br. at 4.

Appellant presents a challenge to the discretionary aspects of his sentence. As such, Appellant is not entitled to an appeal as of right. ***Commonwealth v. Roberts***, 133 A.3d 759, 774 (Pa. Super. 2016). An appellant bringing a challenge to the discretionary aspects of his sentence must invoke this Court's jurisdiction by (1) preserving the issue at sentencing or in a post-sentence motion; (2) filing a timely notice of appeal; (3) including a Pa.R.A.P. 2119(f) Statement within his appellate brief; and (4) raising a substantial question for our review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797-98 (Pa. Super. 2015).

- 4 -

In order to preserve a challenge to the discretionary aspects of his sentence, an Appellant must preserve the particular legal theory that he asserts on appeal either at sentencing or in a post-sentence motion so that the sentencing court has "the opportunity to reconsider the imposition of the sentence." *Id.* at 799; *see also* Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state claim for relief "with specificity and particularity").

Here, our review of the certified record reveals that Appellant did not preserve any challenge to the discretionary aspects of his sentence in his post-sentence motion. *See* Post Sentence Motion, filed 3/21/22. Thus, he has not met the threshold requirements to obtain this Court's review.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/4/2023*

- 5 -